### Cathy FEDORA

### v.

### Bruce WERBER, D.P.M. et al.

### No. 2012–50–Appeal.

Supreme Court of Rhode Island.

Dec. 20, 2013.

Miriam Weizenbaum, Esq.

Andrea Merolla–Simister, Esq.

## ORDER

The plaintiff, Cathy Fedora, appeals from a Superior Court judgment imposing sanctions on the plaintiff's counsel, DeLuca & Weizenbaum, Ltd. (D & W), for failing to adhere to the notice requirement set forth in Article V, Rule 1.10(c)(2) of the Supreme Court Rules of Professional Conduct.[1] This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the written and oral submissions of the plaintiff and the *amicus curiae*, and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this order, we vacate the sanction imposed by the Superior Court.

In November 2007, an attorney at D & W initiated a medical malpractice action on plaintiff's behalf against Anthony L. Moulton, M.D., and other defendants. Doctor Moulton obtained representation from Gidley, Sarli & Marusak, LLP (GSM), for his defense. From this time until September 18, 2008, GSM employed Caryl Jardon as a paralegal, and Ms. Jardon assisted with the preparation of Dr. Moulton's defense. On September 14, 2009, roughly one year after Ms. Jardon left her employment with GSM, she was hired by D & W as a paralegal. Shortly thereafter, Dr. Moulton's trial counsel became aware that Ms. Jardon was employed by D & W, and Attorney Michael G. Sarli of GSM contacted plaintiff's trial counsel and requested assurances that Ms. Jardon would not share information regarding cases she worked on while employed by GSM, including Dr. Moulton's case.[2] Attorney Sarli then followed up with two letters requesting such assurances, to which D & W did not respond.

On November 25, 2009, Attorney Sarli filed a motion on Dr. Moulton's behalf to disqualify D & W, arguing that Ms. Jardon's employment created a conflict of interest that D & W had failed to remedy. D & W objected to the motion, revealing for the first time on December 7, 2009, that Ms. Jardon was indeed screened from Dr. Moulton's case during her employment at D & W, and that Ms. Jardon's employment with D & W had ended on October 27, 2009. The trial justice denied Attorney Sarli's motion to disqualify D & W, finding that D & W complied with the screening requirement set forth in Rule 1.10(c)(1), but also finding that D & W had failed to comply with the notice requirement contained in Rule 1.10(c)(2).[3] The court de-

---

1. Article V, Rule 1.10(c) of the Supreme Court Rules of Professional Conduct provides:

   "When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:
   "(1) the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
   "(2) written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule."

2. It appears that Attorney Sarli had a conversation with Attorney Amato D. DeLuca of D & W, but the details of this conversation are unclear. The plaintiff did not mention this conversation in her prebrief, nor in her objection to defendant's motion to disqualify D & W. When asked at oral argument, however, Attorney Miriam Weizenbaum stated that assurances of D & W's screening measures were provided during a verbal communication with Attorney Sarli in October 2009.

3. Although Ms. Jardon was a paralegal, not an attorney, the trial justice found that her services were included within the scope of Rule 1.10, through Article V, Rules 5.3 and 1.9 of the Supreme Court Rules of Profession-

termined that disqualification was not the proper remedy for D & W's notice violation, yet maintained that "D & W should not go unpunished for its failure to adhere to Rule 1.[10](c)(2)." Accordingly, the trial justice *sua sponte* ordered D & W to pay the reasonable attorneys' fees incurred by Dr. Moulton for pursuing the motion to disqualify and directed GSM to submit an affidavit in support of its calculation of attorneys' fees.

The plaintiff appealed from the order imposing the sanction[4] and later, on August 4, 2010, dismissed all claims against Dr. Moulton. On April 26, 2012, this Court granted Attorney Sarli permission to file a Rule 12A counter-statement in this appeal as *amicus curiae,* and we later granted his motion to participate in oral argument at the show cause hearing.[5]

Rule 1.10(c)(2) provides that, "[w]hen a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified * * * unless * * * written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule." The comment to Rule 1.10(c)(2) further specifies that, "[n]otice, including a description of the screened lawyer's prior representation and of the screening procedures employed, generally should be given as soon as practicable after the need for screening becomes apparent." Here, Ms. Jardon began her employment with D & W on September 14, 2009, and D & W did not provide notice of its screening measures to GSM until December 7, 2009, nearly three months later. Furthermore, as the trial justice noted, notice was not independently provided; rather, it was incorporated into plaintiff's objection to defendant's motion to disqualify D & W. Ms. Jardon indisputably was employed by D & W for roughly six weeks while Dr. Moulton's case was pending. We are satisfied, therefore, that the trial justice did not abuse her discretion when she determined that D & W's actions failed to constitute prompt notice under Rule 1.10(c)(2).

We directed both appellant and *amicus* to address the question of who would be entitled to receive the funds if the sanction were to be upheld. In his written submission to this Court, Attorney Sarli stated that the costs associated with pursuing the motion to disqualify, as well as the reasonable attorneys' fees incurred in the appeal, have been paid by Dr. Moulton's insurance carrier, NORCAL Mutual Insurance. Attorney Sarli did not appear at oral argument, but he was represented by counsel from GSM, who represented to this Court that neither NORCAL nor GSM is seeking collection of the fees.

In light of this representation, we see no useful purpose in remanding the case for a

---

al Conduct. D & W challenged this interpretation of the rules during oral argument; however, D & W did not address this issue in its prebrief. This Court "deem[s] as waived issues that the appellant fails to brief, despite being addressed at oral argument." *Rice v. State,* 38 A.3d 9, 16 n. 10 (R.I.2012); see Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure (stating that "[e]rrors not claimed, questions not raised and points not made [in appellant's brief] ordinarily will be treated as waived and not be considered by the Court"). Accordingly, we will not address the validity of the trial

court's finding that Rule 1.10(c)(2) applied to Ms. Jardon's paralegal services.

4. At the prebriefing conference, the case was remanded to the Superior Court for entry of the final judgment.

5. After the show cause hearing on September 25, 2013, we denied plaintiff's motion to remand the case to the trial justice for purposes of mediation; however, we referred the matter for mediation to the Appellate Mediation Program. The parties have reported that mediation was unsuccessful.

calculation of reasonable attorneys' fees. Accordingly, we vacate paragraph 2 of the Superior Court order imposing a sanction on D & W. The record may be returned to the Superior Court.

Justice GOLDBERG did not participate.